**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JOSEPH COLLICK, | CIVIL ACTION NO. 08-5120 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| WEEKS MARINE, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiff, Joseph Collick, brought this action against defendants, Weeks Marine, Inc. ("Weeks") and Haztek, Inc., to recover damages for a personal injury. (Dkt. entry no. 24, Am. Compl.) Plaintiff now moves to compel Weeks to pay him benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("LHWCA") or "maintenance and cure" under general maritime law. (Dkt. entry no. 13, Mot. to Compel.) Weeks opposes the motion. (Dkt. entry no. 18, Weeks Br.) The Court determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). The Court, for the reasons stated herein, will deny the motion.

                              **BACKGROUND**

Plaintiff was employed by Weeks and was performing construction work on a naval pier when he sustained an injury on November 17, 2006. (Dkt. entry no. 15, Pl. Br. at 2.) After the injury, Weeks voluntarily paid plaintiff medical and wage

benefits under the LHWCA.  (Id. at 3; dkt. entry no. 18, Decl. of Thomas Langan at 2.)  Plaintiff filed a claim to recover compensation benefits from Weeks with the Office of Workers' Compensation Programs and listed his occupation as dockbuilder.  (Decl. of Thomas Langan at 2; id., Ex. B, Employee's Claim for Compensation Form.)  On October 17, 2008, plaintiff brought this action in which he stated that he was a seaman and asserted claims, inter alia, under general maritime law and the Jones Act, 46 U.S.C. § 30104. (Am. Compl. at 6-12; dkt. entry no. 1, Compl.)

Weeks then terminated plaintiff's LHWCA benefits and filed a Notice of Controversion of Right to Compensation with the Department of Labor.  (Decl. of Thomas Langan at 3; Pl. Br. at 4; dkt. entry no. 14, Pl. Decl., Ex. 2, Notice of Controversion of Right to Compensation.)  Weeks controverted plaintiff's right to compensation based on a question of whether plaintiff was a seaman, which would preclude him from coverage under the LHWCA.  (See Notice of Controversion of Right to Compensation.) Plaintiff now moves to compel Weeks to continue paying him benefits under the LHWCA, or, alternatively, to compel Weeks to pay him "maintenance and cure" under general maritime law until resolution of this action.  (Pl. Br. at 1, 5.)  Weeks opposes the motion.  (Weeks Br. at 1.)

2

**DISCUSSION**

**I.   The LHWCA**

The LHWCA provides workers' compensation, and is the exclusive remedy, for land-based maritime workers who sustain injuries on the job.  See 33 U.S.C. §§ 902-904.  The LHWCA specifically excludes from its coverage "a master or member of a crew of any vessel," which is a refinement of the term "seaman" used in the Jones Act.  33 U.S.C. § 902(3); Chandris, Inc. v. Latsis, 515 U.S. 347, 355-56 (1995).  Thus, seamen under the Jones Act are excluded from coverage under the LHWCA.  Chandris, 515 U.S. 356; see also Foulk v. Donjon Marine Co., Inc., 144 F.3d 252, 258 (3d Cir. 1998) (recognizing that the Jones Act and the LHWCA are mutually exclusive).

An employer may controvert its liability to pay compensation under the LHWCA.  33 U.S.C. § 914.  In such a situation, the deputy commissioner must make an investigation and, upon a party's application, order a hearing.  Id. §§ 914(h), 919(c).  An administrative law judge conducts the hearing and issues an order rejecting the claim or making the award ("compensation order").  Id. § 919(c)-(d).  The LHWCA also establishes a Benefits Review Board, which hears and determines appeals from compensation orders.  Id. § 921(b).  Final orders of the Benefits Review Board may be appealed to the United States Court of Appeals for the circuit in which the injury occurred.  Id. § 921(c). "Proceedings

3

for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in [section 921] and section 918 of [title 33]." Id. § 921(e).

Plaintiff argues that Weeks should be made to pay benefits under the LHWCA because "it is obvious" that he is entitled to benefits under either the LHWCA or general maritime law. (Pl. Br. at 4.) In such a situation, plaintiff argues, the employer should not be able to discontinue paying all benefits until resolution of LHWCA/Jones Act issue. (Id. at 5.) Further, plaintiff contends that the Court has jurisdiction to compel payments of LHWCA benefits. (Dkt. entry no. 22, Pl. Reply Br. at 2.) Defendant argues that the Court lacks jurisdiction to direct Weeks to pay plaintiff LHWCA benefits. (Weeks Br. at 3-4.) Defendant asserts that the LHWCA gives the Department of Labor exclusive jurisdiction to make benefit determinations, and plaintiff's administrative claim is still pending. (Id. at 4.)

The Court concludes that it does not have subject matter jurisdiction to compel Weeks to pay LHWCA benefits to plaintiff. The LHWCA sets forth a specific administrative scheme whereby an administrative law judge makes benefit determinations, which may be reviewed by the Benefits Review Board and appealed to a circuit court of appeals. See 33 U.S.C. §§ 919, 921(b), (c); Shives v. CSX Transp., Inc. (In re CSX Transp., Inc.), 151 F.3d

164, 167 (4th Cir. 1998) (recognizing congressional intent that LHWCA coverage issues be determined first by Department of Labor and ultimately by federal courts of appeals).  The LHWCA gives a district court jurisdiction only in limited situations, none of which apply here.  See, e.g., 33 U.S.C. § 918(a) (giving district court jurisdiction to enter judgment on an administrative supplementary order declaring the amount of default by employer on a compensation award); id. § 921(d) (conferring jurisdiction on district court to enforce final compensation orders making an award where the employer fails to comply with the order); see also Kreschollek v. S. Stevedoring Co., 78 F.3d 868, 872 (3d Cir. 1996) (recognizing LHWCA confers jurisdiction on district courts only in limited circumstances).

District courts do not have subject matter jurisdiction to decide benefit claims.  See In re CSX Transp., Inc., 151 F.3d at 171 (recognizing that district courts do not have original jurisdiction over LHWCA benefit claims); Kreschollek, 78 F.3d at 873 (noting that district court's role in claim process has been eliminated); Thompson v. Potashnick Constr. Co., 812 F.2d 574, 576 (9th Cir. 1987) (emphasizing that district court does not have jurisdiction over merits of LHWCA claims); Voight v. R.L. Eldridge Constr. Inc., 422 F.Supp.2d 742, 747-48 (E.D. Tex. 2006) ("[F]ederal trial courts lack original subject-matter jurisdiction to resolve claims under the LHWCA.").  Here,

plaintiff asks the Court to compel Weeks to make LHWCA benefit payments to him.  (See Pl. Br. at 1, 5.)  This request requires the Court to make a determination on plaintiff's benefit claim, which the Court does not have jurisdiction to do.  Thus, the Court will not compel Weeks to pay plaintiff LHWCA benefits.

**II.  General Maritime Law - "Maintenance and Cure"**

A seaman, under general maritime law, can recover "maintenance and cure" from a vessel owner or employer where the seaman is injured or becomes ill in the service of a ship. McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 341 (1991); O'Connell v. Interocean Mgmt. Corp., 90 F.3d 82, 84 (3d Cir. 1996).  Maintenance is the "living allowance for a seaman while he is ashore recovering from injury or illness." O'Connell, 90 F.3d at 84 (internal quotation omitted).  Cure is the "payment of medical expenses incurred in treating the seaman's injury or illness."  Id. (internal quotation omitted).  An employer or vessel owner must provide maintenance and cure "until the seaman has reached the point of maximum cure, that is until the seaman is cured or his condition is diagnosed as permanent and incurable."  Id. (internal quotation omitted).  Maintenance and cure is a contractual obligation independent of the employer or vessel owner's negligence.  Id.

Plaintiff argues that if the Court does not compel payment of benefits under the LHWCA, then it should compel payment of

6

"maintenance and cure" under general maritime law.  (Pl. Br. at 1, 5.)  Plaintiff asserts that he is permitted to seek both LHWCA benefits and "maintenance and cure," and that he is a seaman under the Jones Act.  (Pl. Reply Br. at 4-5.)  Further, plaintiff asserts that he needs continued curative treatment, not palliative treatment, for his injury.  (Id. at 8-9.)  Defendant argues that plaintiff is not a seaman and is not entitled to "maintenance and cure."  (Weeks Br. at 6-9.)  Defendant further contends that the medical treatment plaintiff seeks is only palliative, not curative, and thus is not covered by "maintenance and cure" obligations.  (Id. at 9-10.)  Defendant argues that the Court should deny the motion because outstanding factual issues make summary disposition inappropriate.  (Id. at 11-13.)

The Court concludes that it is inappropriate to compel Weeks to pay "maintenance and cure" to plaintiff at this time. Plaintiff requested interim relief through a motion to compel. (See Pl. Reply Br. at 9-10; Mot. to Compel.)  The proper procedural device for such a request is a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65.  See Tate v. Am. Tugs, Inc., 634 F.2d 869, 870-71 (5th Cir. 1981) (addressing motion for preliminary injunction requesting increase in daily rate of maintenance payments); McMickle v. Jantran, Inc., No. 05-186, 2005 WL 2175728, at *1-*3 (N.D. Miss. Sept. 7, 2005) (determining motion for preliminary injunctive relief in

which plaintiff sought to have defendant provide him with "maintenance and cure" payments); Thornsberry v. Nugent Sand Co., No. 03-28, 2003 WL 23164408, at *1-*3 (W.D. Ky. July 25, 2003) (same).  The Court will not construe the current motion as a motion for injunctive relief since neither party has addressed the standard for injunctive relief.  Also, there are several contested factual issues, and the record currently before the Court is inadequate for the Court to make the necessary factual findings.  Further, plaintiff has neither identified the specific amount of "maintenance and cure" requested, nor produced any support for such an amount.  Thus, the Court will not compel Weeks to make "maintenance and cure" payments to plaintiff at this time.

## CONCLUSION

The Court, for the reasons stated supra, will deny the motion to compel.  The Court will issue an appropriate order.

               s/ Mary L. Cooper              
          **MARY L. COOPER**
          United States District Judge

Dated: April 17, 2009