NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH COLLICK,** | **Civil Action No. 08-5120 (MLC)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **WEEKS MARINE, INC., et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendant Weeks Marine, Inc.'s ("Weeks") motion to disqualify the law firm of Marshall, Dennehey, Warner, Coleman & Goggin ("Marshall Dennehey") from representing Defendant Haztek, Inc. ("Haztek") with respect to insurance coverage and insurance claim issues in this matter. Haztek opposes Weeks' motion. The Court has fully reviewed all arguments made in support of and in opposition to Weeks' motion. The Court considers Weeks' motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Weeks' motion to disqualify is DENIED.

## I.     Background

The parties and the Court are all familiar with the facts underlying this litigation. As such, they are not restated at length herein. Weeks was awarded a contract to build a large, trident-shaped pier at the Earle Naval Weapons Station (the "Earle Project"). Weeks hired Haztek as a safety contractor on the Earle Project. Plaintiff Joseph Collick ("Collick") was employed by Weeks to work on the Earle Project as a dockbuilder. This matter arises out of an accident that occurred at the Earle Project, when, on November 17, 2006, Collick allegedly fell

off of a piece of pre-cast concrete seriously injuring his leg.  Collick sued Weeks and Haztek,

asserting several claims based on the allegedly hazardous and unsafe work conditions present at

the Earle Project.

After hiring Haztek on September 2, 2005 as a safety contractor with respect to the Earle

Project, Weeks and Haztek entered into a Contractor Indemnification Agreement on November

10, 2005.  In pertinent part, the Contractor Indemnification Agreement provides:

> Contractor shall indemnify and hold WMI harmless from all
> liability, loss, cost or damages, including attorney fees, from claims
> for injuries or death from any cause, of Contractor's employees or
> the employees of its subcontractors or agents, or by reason of
> claims of any person or persons, including WMI, for injuries to
> person or property, from any cause occasioned in whole or in part
> by any act or omission of Contractor, its agents, employees,
> subcontractors or suppliers, whether or not it is contended WMI
> contributed thereto in whole or in part, or was responsible therefor
> by reason of non-delegable duty.  If, however, this indemnification
> is subject to limitation by applicable law, then the indemnification
> shall be similarly limited to conform with such law, it being the
> intention that this indemnification shall be as broad as permitted by
> applicable law.  WMI may retain any money due or to become due
> for the Work performed, sufficient to indemnify it against such
> injuries, claims, suits, actions, costs or damages should any such
> claim arise.  Contractor shall at WMI's sole option, assume the
> defense in WMI's behalf of any action or proceeding commenced
> against WMI, whether or not Contractor is named as a party, as
> part of Contractor's aforementioned obligation to indemnify and
> hold WMI harmless.
>
> Except as otherwise provided herein, the obligation of the
> Contractor to indemnify and hold WMI harmless is absolute and is
> not dependent upon any question of negligence on its part or on the
> part of its agents, officers or employees.  The approval of WMI of
> the methods of doing the Work or the failure of the WMI to call
> attention to improper or inadequate methods or to require a change
> in methods or direct the Contractor to take any particular
> precautions or to refrain from doing any particular thing shall not

excuse the Contractor in case of any such injury to person or
damage to property.

(Exhibit B to Betancourt Declaration at 1-2).

Further, pursuant to the Contractor Indemnification Agreement, Haztek was obligated to

"procure and maintain and provide WMI Certificates of Insurance . . . evidencing issuance of the

forms of insurance in companies and amounts and deductibles, if any, acceptable to WMI as

stated in Schedule A - Insurance Requirements attached." (*Id*. at 2)  According to Schedule A of

the Contractor Indemnification Agreement, Haztek was responsible for "procur[ing] and

maintain[ing] in force at its own expense and be[ing] responsible for all premiums, deductibles,

self-insured retentions or other amounts for such insurance coverage in such form and in such

amounts as are required to cover its responsibilities, liabilities and indemnification obligations

under this agreement." (*Id*. at 3).  Specifically, Haztek was required to obtain commercial

general liability insurance with a $1,000,000 occurrence limit and a $2,000,000 aggregate limit.

(*Id*.)  In addition, Schedule A of the parties' agreement provided that "[a]ll insurance policies

required . . . be endorsed to name WMI and its subsidiary companies as an additional insured

inclusive of acts or omissions.  (*Id*.)  Haztek obtained the requisite insurance from Evanston

Insurance Company ("Evanston"), and, as required, Weeks is listed as an additional insured on

the policy.  (Exhibit C to Betancourt Declaration at 1).

After Collick initiated the instant suit against Weeks and Haztek, Weeks presented its

defense to Haztek pursuant to the aforementioned Contractor Indemnification Agreement.

Haztek, however, refused to defend Weeks in this matter.  Weeks also tendered its defense to

Evanston as an additional insured under Haztek's policy with Evanston.  Evanston, however,

3

likewise refused to defend Weeks.  In light of their refusal to provide it with a defense, Weeks

(1) filed cross-claims against Haztek for breach of its contractual duties to defend and indemnify

weeks and for failure to procure and maintain insurance coverage pursuant to the Contractor

Indemnification Agreement and (2) filed a third-party claim against Evanston for failing to

provide Weeks with coverage as an additional insured under Haztek's policy.

Haztek is represented in this matter by Marshall Dennehey.  Evanston appointed Marshall

Dennehey to represent Haztek with respect to the allegations raised in this case and is paying for

the cost of Haztek's defense.  Weeks claims that in addition to representing Haztek with respect

to the liability issues involved in this case, Marshall Dennehey is also representing Haztek with

regard to insurance coverage and insurance claims "between and among the parties, including

Weeks' third-party suit against Evanston for insurance coverage."  (Weeks Br. at 7).  As a result,

Weeks now seeks to disqualify Marshall Dennehey from representing Haztek with respect to any

insurance coverage and insurance claim issues that have arisen between and among Weeks,

Haztek and Evanston.

Weeks claims that Marshall Dennehey should be disqualified from representing Haztek

with respect to insurance coverage and insurance claim issues based on New Jersey's Rule of

Professional Conduct ("RPC") 1.7(a)(1), which prohibits a lawyer from representing a client if

that representation would be directly adverse to another client.  Weeks claims that such a conflict

exists between Haztek, the insured, and its insurer, Evanston.  Specifically, Weeks argues that

"the interests of Haztek are directly and blatantly adverse to those of Evanston" because

"Evanston has denied coverage to Weeks" and if Evanston prevails on this issue "Haztek will be

required to indemnify Weeks from its own funds."  (Weeks Br. at 10).  Weeks also argues that it

is clear that Haztek and Evantson's interests are adverse because "Evanston's failure to provide coverage to Weeks as an additional insured has resulted in Weeks' assertion of a claim for failure to procure insurance as required by the indemnification agreement between Weeks and Haztek." (*Id*. at 10-11).

Weeks therefore argues that "Evantson's failure to give Haztek the full benefit of the insurance policy that it purchased clearly presents an issue of coverage between Haztek and Evanston." (Weeks Reply Br. at 5). Weeks further contends that "[u]nder these circumstances, Haztek should be asserting a claim against Evanston to provide cover to Weeks and should have submitted papers in opposition to Evanston's motion for summary judgment." (Weeks Br. at 11). Weeks also contends that Haztek, which "contracted with Evanston to provide coverage to Weeks as an additional assured" and which "paid premiums to Evanston for such coverage[,]" has a "justiciable interest" in Weeks' coverage issue. (Weeks Reply Br. at 6).

Weeks, however, claims that Haztek has not brought a claim against Evanston based on Evanston's "apparent instructions" to Haztek's counsel, Marshall Dennehey, to forebear from asserting same. Weeks claims that Marshall Dennehey cannot avoid the clear conflict of interest between Haztek and Evanston by simply choosing not to act, *i.e.*, "by failing to argue on behalf of Haztek that Evanston should provide cover to Weeks, and by failing to assert claims against Evanston and its broker." (*Id*.) Indeed, Weeks argues that Marshal Dennehey's failure to assert claims against Evanston based on its failure to cover Weeks "exacerbates, not alleviates, the conflict of interest, in that counsel is not acting in the best interest of their client." (*Id*.) Further, Weeks argues that even if an actual conflict does not exist between Haztek and Evanston, Marshall Dennehey should nevertheless be disqualified from representing Haztek in connection

5

with insurance coverage issues because said representation creates the appearance of impropriety, which Weeks claims is impermissible under RPC 1.7(c).

Haztek opposes Weeks motion to disqualify counsel.  While Haztek acknowledges that "it would clearly create a conflict of interest" for Marshall Dennehey "to represent Haztek in connection with any coverage related issues[,]" Haztek denies that any coverage related issues exist between Haztek and Evanston.  (Haztek Opp. Br. at 6).  In this regard, Haztek argues that "Evanston has not withdrawn coverage from Haztek in this matter and has not indicated in any way that it is intending to withdraw coverage for any reason."  (*Id*. at 6-7).  As such, Haztek contends that "there are no coverage issues between Haztek and Evanston."  (*Id*. at 7).

Haztek notes that there are coverage issues between Weeks and Evanston: Weeks believes that it is entitled, as an additional insured, to coverage under the commercial general liability insurance policy that Haztek obtained from Evanston.  Haztek, however, maintains that "that is Weeks' coverage issue with Evanston" and argues that "[j]ust because Weeks has a coverage issue with Evanston and has filed a third-party complaint against Evanston for coverage, does not make that Haztek's issue."  (*Id*. at 8).  Indeed, Haztek contends that it lacks standing "to make a claim against Evanston that Weeks is entitled to coverage under the policy." (*Id*.)

Further, Haztek argues that the fact that Weeks claims it is entitled to indemnification for Collick's claims against it from Haztek and Evanston does not create a coverage issue between Haztek and Evanston.  Haztek claims that whether Haztek is obligated to indemnify Weeks is an open issue "that will require both factual findings and legal interpretation of the contractual language."  (*Id*. at 9).  Haztek additionally claims that "[u]ntil that issue is resolved, it will be an

open issue as to whether Weeks will be entitled to coverage under Evanston's policy as an

insured contract." (*Id*.)  However, irrespective of how that issue is ultimately determined, Haztek

claims that "[t]he fact that Weeks may or may not be entitled to indemnification does not create a

coverage issue between Haztek and Evanston." (*Id*.)

Simply put, Haztek argues that Evanston appointed Marshall Dennehey to represent it

with respect to the liability issues in this case and those are the issues for which counsel is

representing Haztek.  Haztek claims that Marshall Dennehey is not representing it with respect to

any coverage issues or insurance claim issues involving Evanston and, in fact, denies that any

such issues exist.  Haztek argues that "[o]ther than assigning th[is] case to [Marshall Dennehey],

Evanston has not ordered or directed the defense of the case in any way." (*Id*. at 6).  Haztek

argues that Weeks' allegations regarding the existence of a conflict of interest are "spurious" and

"fanciful[.]" (*Id*. at 2, 6).  As a result, Haztek requests that Weeks' motion to disqualify Marshall

Dennehey be denied.

## II.      Analysis

In this District, questions of professional ethics are governed by L.Civ.R. 103.1(a), which

provides that the RPCs are to be used to resolve same.  See *Carlyle Towers Condo. Ass'n v.*

*Crossland Sav.*, 944 F.Supp. 341, 345 (D.N.J. 1996).  In interpreting the RPCs, the Court looks

to New Jersey's state courts' interpretations of them as primary authority and modifies that

interpretation when required or permitted by federal law.  L.Civ.R. 103.1(a); *see Steel v. General*

*Motors,* 912 F.Supp. 724 (D.N.J. 1995).

When considering a motion to disqualify counsel, the movant bears the burden of proving

that disqualification is appropriate because the RPCs were violated.  *See Maldonado v. New*

*Jersey*,  225 F.R.D. 120, 136-37 (D.N.J. 2004).  Further, the movant's burden is a heavy one as

"[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic

measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander*

*v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v.*

*Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)).  As

a result, in determining whether to disqualify counsel, the Court must closely and carefully

scrutinize the facts of each case to prevent unjust results.  *See Montgomery Acad. v. Kohn*, 50

F.Supp.2d 344, 349 (D.N.J. 1999).  Further, given the fact sensitive nature of motions to

disqualify counsel, the Court cannot blindly apply the RPCs without any consideration of the

parties' relative hardships.  *Id*. (citing *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F.Supp.

1121, 1126 (N.D. Ohio 1990)).  Instead, the Court must "balance the need to maintain the highest

standards of the [legal] profession against a client's right to freely choose his counsel." *Steel*,

912 F. Supp. at 733 (internal quotation marks and citations omitted).  However, if there is any

doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved

in favor of disqualification.  *Maldonado*, 225 F.R.D. at 137.

　　　Here, Weeks claims that Marshall Dennehey should be disqualified from representing

Haztek with respect to insurance coverage and insurance claim issues pursuant to RPC 1.7(a) and

1.7(c).  As an initial matter, the Court notes that in 2003, the RPCs were amended to strike the

"appearance of impropriety" provision.  (RPC 1.7(c)(2) (repealed Nov. 17, 2003, effective Jan. 1,

2004)).  As a result, for over 7 years the "appearance of impropriety" standard has not provided a

basis for attorney disqualification.  Both the New Jersey Supreme Court and the District of New

Jersey have recognized the repeal of the "appearance of impropriety" provision from the RPCs

and have consequently been unwilling to disqualify lawyers on this ground.  *See In re Opinion*

*697*, 188 N.J. 549, 552 (2006) (holding that "appearance of impropriety standard no longer

retains any continued validity."); *Pallon v. Roggio*, Civil Action Nos. 04-3625 (JAP), 06-1068

(FLW), 2006 WL 2466854, *8 (D.N.J. Aug. 24, 2006) (noting that 2004 revisions of RPCs

"eliminated the appearance of impropriety doctrine.") Consequently, to the extent Weeks argues

that Marshall Dennehey should be disqualified based on the appearance of impropriety doctrine,

that argument is wholly without merit.  Indeed, the Court notes that RPC 1.7(c), the provision

cited by Weeks in support of this argument, no longer exists.  As a result, the Court declines to

disqualify Marshall Dennehey on this ground.

        With respect to RPC 1.7(a)(1), that Rule provides:

> (a) Except as provided in paragraph (b), a lawyer shall not
> represent a client if the representation involves a concurrent
> conflict of interest.  A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse
> to another client[.]

Weeks essentially claims that a concurrent conflict of interest has arisen given Marshall

Dennehey's representation of Haztek on insurance coverage and insurance claim issues.  The

parties all agree that if insurance coverage and insurance claim issues existed between Haztek

and Evanston, then it would be a conflict of interest for Marshall Dennehey, who was hired by

Evanston to represent its insured, Haztek, on liability issues raised in this litigation, to represent

Haztek on the insurance coverage and insurance claim matters.  This is true because "(i)nsurance

defense counsel routinely and necessarily represent two clients: the insurer and insured."

*Lieberman v. Employers Ins. of Wausau*, 84 N.J. 325, 338 (1980) (internal quotation marks and

citation omitted).  As a result, where coverage issues exist, the insured "must have independent

counsel" with respect to same.  N.J. Supreme Court Advisory Committee on Professional Ethics, Op. 502, 110 N.J.L.J. 349, 1982 WL 117860, *3 (1982).  Haztek, however, denies that any insurance coverage or claim issues exist between it and Evanston.

Weeks argues that the alleged coverage and claim issues between Haztek and Evanston stem from "Evantson's failure to give Haztek the full benefit of the insurance policy that it purchased[,]" *i.e.*, Evanston's failure to cover Weeks in this matter, coverage that Haztek contracted with Evanston to provide and for which Haztek paid Evanston premiums.  (Weeks Reply Br. at 5).  Weeks claims that Haztek should be pursuing claims against Evanston and its brokers for failing to cover Weeks and contends that Marshall Dennehey's failure to assert such claims against Evanston results from and is evidence of its conflict of interest.

Haztek argues that the insurance coverage and insurance claim issues identified by Weeks are not Haztek's issues with Evanston, but Weeks'.  Haztek further argues that it lacks standing to assert a claim against Evanston that Weeks is entitled to coverage under the insurance policy. In addition, Haztek similarly claims that Weeks' argument that it is entitled to indemnification from Haztek and Evanston does not create a coverage issue between Haztek and Evanston.

In support of its motion for disqualification Weeks relies on cases and ethics opinions (collectively, "cases") that stand for the general proposition that where insurance coverage and insurance claim issues arise, counsel appointed by an insurer to represent an insured is conflicted out of representing either the insurer or insured with respect to any and all insurance coverage and insurance claim issues.  However, none of the cases relied on by Weeks involve facts similar to those at issue here: none address an additional insured's contention that a conflict exists between the other insured and the insurer based on the other insured's failure to assert claims

against the insurer based on the insurer's failure to provide coverage to the additional insured.

Further, while Weeks argues that Haztek, which "contracted with Evanston to provide coverage

to Weeks as an additional assured" and which "paid premiums to Evanston for such coverage[,]"

has a "justiciable interest" in Weeks' coverage issue, Weeks does not cite a single case to support

its argument that Haztek has standing to pursue the claims it contends Haztek should be making.

(*Id*. at 6)

Under these circumstances, the Court finds that Weeks has not met its very heavy burden

of proving that the drastic, disfavored measure of disqualification is necessary.  Simply put,

Weeks has not established that any insurance coverage or insurance claim issues exist between

Haztek and Evanston.  There is simply no evidence that Evanston has refused to provide

coverage for Haztek or that it intends to withdraw the coverage provided.

Absent some precedent, which Weeks has not furnished, establishing that courts have

determined that a conflict exists under facts analogous to those present here or that Haztek has a

justiciable interest sufficient to provide it with standing to pursue the claims suggested by Weeks,

the Court cannot find that Marshall Dennehey should be disqualified.  To be clear, given the fact

sensitive nature of motions to disqualify, by "analogous," the Court means a case involving an

additional insured's claim that coverage issues exist between the other covered insured and

insurer because the insurer refuses to cover the additional insured.  *See Bals v. Metedeconk Nat.*

*Golf Club, Inc.*, Civil Action No. 09-4861 (MLC), 2010 WL 1373558, *2 (D.N.J. March 31,

2010) (noting that motions to disqualify counsel are fact sensitive in nature).  Citations to cases

like those relied upon by Weeks, which generally hold that a conflict exists when insurance

11

coverage and insurance claim issues arise between an insured and its insurer, are not sufficient.

Nor would be citations to cases that generally define what qualifies as a justiciable interest.

**III.      Conclusion**

For the reasons stated above, Weeks' motion to disqualify Marshall Dennehey from

representing Haztek with respect to insurance coverage and insurance claim issues in this matter

is DENIED.  An appropriate Order follows.


 Dated: April 19, 2011


                                             s/Tonianne J. Bongiovanni
                                             **HONORABLE TONIANNE J. BONGIOVANNI**
                                             **UNITED STATES MAGISTRATE JUDGE**