**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH COLLICK,<br><br>    Plaintiff,<br><br>v.<br><br>WEEKS MARINE, INC., and HAZTEK INC.,<br><br>    Defendants.<br><br>WEEKS MARINE, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>    Third-Party Defendant. | CIVIL ACTION NO. 08-5120 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

    This matter comes before the Court by way of the appeal by the third-party defendant, Evanston Insurance Company ("Evanston"), and by way of the cross-appeal by the third-party plaintiff, Weeks Marine, Inc. ("Weeks"), from the Magistrate Judge's February 19, 2014 Letter Order.  (See dkt. entry no. 193, 2-19-14 Magis. J. Letter Order (the "Magistrate Judge's Decision"); dkt. entry no. 194, Evanston Notice of Appeal; dkt. entry no. 199, Weeks Notice of Cross-Appeal.)  Evanston earlier moved before the Magistrate Judge for a protective order,

seeking to prevent Weeks from deposing Kathleen O'Lear or Evanston's "coverage counsel." (See Magistrate Judge's Decision at 1.)[1]  Weeks cross-moved to compel their depositions. (Id. at 1-2.)  Evanston also "informal[ly] request[ed] that Weeks be precluded from taking a [Federal Rule of Civil Procedure ("Rule")] 30(b)(6) deposition of Evanston."  (See id. at 1.)  Weeks opposed Evanston's informal request.  (Id. at 6-7.)

The Magistrate Judge held that Weeks may depose Evanston's coverage counsel.  The Magistrate Judge held:

> The Court agrees with Weeks that Weeks is entitled to depose the author of the ROR Letter as a fact witness and neither Rule 26(b)(2)(C) or Rule 26(c) convinces the Court that said deposition should be precluded. The ROR Letter is clearly relevant to this case and while that document and the provisions of the policy cited therein may largely speak for themselves, that does not preclude Weeks from seeking deposition testimony regarding same. While Weeks has already deposed the two claims examiners working on this case, neither was able to testify competently about the ROR Letter. Moreover, Ms. Dunstan, the "author" of the ROR Letter specifically testified that the letter "'was drafted by coverage counsel.'" (Weeks Cross Motion to Compel Br. at 2 (quoting Betancourt Declaration, Ex. D, page 65, line 2-9)). The ROR Letter is not in and of itself a privileged communication and Weeks is permitted to seek fact discovery regarding the letter. The Court understands the risk involved in permitting opposing counsel to be deposed; however, in this case, no other deposition will do and the Court is not convinced that other avenues of discovery will be sufficient. What non privileged or work product protected information exists about the ROR Letter that has not already been produced remains to be seen, but the Court finds that Weeks is entitled to pursue same.

---

[1] Evanston also moved for leave to file a motion for judgment on the pleadings as to Weeks's insurance coverage claims.  (See id.)  The Magistrate Judge held that Evanston is permitted to file a motion for judgment on the pleadings as soon as discovery is complete.  (Id. at 6.)  Weeks does not appeal from this portion of the Magistrate Judge's Decision.

2

> The parties are therefore instructed to schedule "coverage counsel's" deposition as soon as possible . . . .

(See id. at 4.)[2]

The Magistrate Judge further held that Weeks is not permitted to take a Rule 30(b)(6) deposition of Evanston. (See id. at 9.) The Magistrate Judge reasoned that there was "no mention in the [parties' July 19, 2013] status report of a need by any party to conduct a Rule 30(b)(6) deposition of Evanston and no party had raised that issue during the conferences preceding Plaintiff's submission of same." (See id. at 8.) The Magistrate Judge noted that after receiving the July 19, 2013 status report, the Magistrate Judge entered a Letter Order extending the fact discovery deadline until September 13, 2013. (Id.; see also dkt. entry no. 178, 7-23-13 Letter Order.) The Magistrate Judge stated that the July 23, 2013 Letter Order extended the fact discovery deadline "to give Collick and Weeks the opportunity to seek deposition testimony from Ms. O'Lear and 'coverage counsel' and for Haztek to subpoena Richard Voorhees, if it so desired." (See Magistrate Judge's Decision at 8.) The Magistrate Judge entered another Letter Order on October 16, 2013, further cementing the Magistrate Judge's position that the above was all that remained open in fact discovery. (See id.) The Magistrate Judge also declined – in the October 16, 2013 Letter Order – to extend fact discovery for any other purpose. (See id. at 9.) The Magistrate Judge therefore concluded that Weeks should have raised the need to take a Rule 30(b)(6) deposition of Evanston in the

---

[2] The Magistrate Judge found that Kathleen O'Lear's deposition was not warranted. (See id. at 5.) The Magistrate Judge did, however, allow Weeks to "propound five interrogatories, including subparts, on Ms. O'Lear limited in scope to issues concerning the November 2, 2009 ROR Letter." (Id. at 6.) Evanston does not appeal from this portion of the Magistrate Judge's Decision.

status report, or "[a]t the latest," immediately after receiving the Magistrate Judge's Letter Order of October 16, 2013.  (See id. at 9.)

Evanston now appeals from the Magistrate Judge's February 19, 2014 Letter Order. (See dkt. entry no. 194-1, Evanston Br.)  Weeks opposes the appeal and cross-appeals from the Magistrate Judge's February 19, 2014 Letter Order.  (See dkt. entry no. 199-2, Weeks Br.) Evanston opposes the cross-appeal.  (See dkt. entry no. 202, Evanston Opp'n Br.)

The Court resolves the appeal and cross-appeal without oral argument pursuant to Local Civil Rule 78.1(b).  For the reasons that follow, the Magistrate Judge's Decision will be affirmed.

## I.   BACKGROUND

Because the Court writes only for the parties, the Court assumes their familiarity with the facts and procedural history of this action, including that which is set forth in the Magistrate Judge's Decision.  The Magistrate Judge has already provided – in the Magistrate Judge's Decision – a thorough recitation of the parties' arguments relating to Evanston's motion for a protective order (dkt. entry no. 181), Weeks's cross motion to compel discovery (dkt. entry no. 185), Evanston's motion for leave to file a motion for judgment on the pleadings (dkt. entry no. 186), and Evanston's informal request that Weeks be precluded from taking a Rule 30(b)(6) deposition of Evanston.  (See generally Magistrate Judge's Decision.) As such, for the sake of brevity, the Court will not restate the facts of this case or repeat the arguments made in support of and in opposition to those motions and the informal request.

On March 6, 2014, Evanston filed its appeal from the Magistrate Judge's Decision. On April 7, 2014, Weeks filed its opposition to Evanston's appeal and concurrently filed its cross-appeal.

### A.  Evanston's Arguments in Support of Appeal

Evanston argues that the Magistrate Judge's Decision, requiring Evanston to produce its coverage counsel for deposition, was clearly erroneous or contrary to law. (See Evanston Br. at 4.) Evanston contends that there are several reasons why Weeks should not be permitted to depose Evanston's coverage counsel:

> (1) the deposition is disproportional to what Weeks needs because Weeks has already deposed Ms. Suzanne Braun regarding Weeks' coverage under the policies and has never first sought Evanston's corporate testimony on its alleged coverage under the policies; (2) Weeks could have obtained, had it so chosen, this information from another source, namely the corporate deposition of Evanston on this issue, had Weeks so chosen, but Weeks did not timely do so, presumably because Weeks already extensively deposed Ms. Suzanne Braun on its coverage claims under the policy; and (3) because Evanston's coverage counsel Evans Martin McLeod is also trial counsel in this matter, Evanston's representational rights would be impaired.

(Id. at 7-8.) Evanston takes issue with the Magistrate Judge's finding that neither Suzanne Braun nor Pat Dunstan – the two claims representatives deposed by Weeks – could testify "competently" regarding the ROR Letter. (See id. at 5.) In particular, Evanston argues that the Magistrate Judge's Decision was clearly erroneous and contrary to law because it "did not indicate in any specific manner how Ms. Braun did not testify 'competently' regarding the contents of the [ROR Letter] nor did she refer to any legal authority for deposing a party's enrolled counsel." (See id.) Evanston reasons that the Magistrate Judge's decision to allow the deposition of coverage counsel "is erroneously based on the incorrect finding that Ms.

5

Braun was [sic] could not 'competently' testify to coverage considerations at issue." (See id. at 4.)

Evanston also argues that "should the Court decide to allow the deposition of Evanston's counsel to go forward, although it appears clear from the Magistrate Judge's Order, in an overabundance of caution, Evanston submits that the scope of the deposition be specifically limited to the factual contents of the Reservation of Rights letter only and not any legal advice given by Evanston's counsel to Evanston." (Id. at 9.) Evanston lastly argues that "any deposition should take place at undersigned counsel's offices as that is where Evanston's counsel is located." (Id.)

### B. Weeks's Arguments in Support of Magistrate Judge's Decision

Weeks argues that Evanston has not shown that the Magistrate Judge's Decision was clearly erroneous or contrary to law. (See Weeks Br. at 2.) To this end, Weeks argues that Ms. Braun's own testimony reveals that she was not involved in drafting the ROR Letter, and thus she could not be deemed competent to testify with respect to the drafting of the ROR Letter. (See id. at 4.) Weeks also contends that the Magistrate Judge did in fact refer to legal authority regarding a deposition of a party's enrolled counsel. (Id.; see also id. at 7 (stating that Magistrate Judge also indicated understanding of "risks involved in permitting opposing counsel to be deposed").) Weeks states that the Magistrate Judge provided support for her decision by specific reference to Weeks's legal argument and through a discussion of Rule 26(b)(2)(C) and Rule 26(a). (See id.)

Weeks further argues that Evanston has obscured the identity of coverage counsel in its representations to the Court. (See id. at 5.) "Weeks questions whether attorney McLeod is

6

indeed the 'coverage counsel' who wrote the ROR Letters and who should be produced for a deposition," as Evanston states in its appeal that the ROR Letter was written <u>at the direction of</u> attorney McLeod rather than directly by him.  (<u>See</u> <u>id.</u>)[3]  Weeks then asserts that Evanston has neither argued that the Magistrate Judge applied the wrong standard for a protective order, nor shown that the Magistrate Judge misapplied or misinterpreted the law applicable to an application for a protective order.  (<u>See</u> <u>id.</u> at 7.)  Week thus contends that Evanston's arguments to the contrary must fail.  (<u>Id.</u>)  Weeks lastly argues that Evanston's new applications for orders limiting the scope of coverage counsel's deposition and for the setting of the deposition venue in New Orleans are improper on appeal and without merit.  (<u>See</u> <u>id.</u> at 10-11.)

        C.    **Weeks's Arguments in Support of Cross-Appeal**

In support of its cross-appeal, Weeks argues that the Magistrate Judge erred in precluding Weeks's noticed Rule 30(b)(6) deposition of Evanston without fully hearing the parties.  (<u>See</u> <u>id.</u> at 11.)  Weeks argues that it was not fully heard on the Rule 30(b)(6) witness dispute.  (<u>See</u> <u>id.</u> at 13.) Weeks also maintains that, because Evanston's application to quash Weeks's Rule 30(b)(6) deposition was not made with a formal motion, there is no record of the parties' submissions that were considered by the Magistrate Judge.  (<u>See</u> <u>id.</u> at 11-12.)  Weeks therefore argues that it should be granted leave to submit a brief declaration with exhibits concerning the positions of the parties.  (<u>See</u> <u>id.</u> at 12.)  Weeks also argues that the

---

[3] The Court notes that Evans Martin McLeod was admitted to appear <u>pro</u> <u>hac</u> <u>vice</u> in this case on March 30, 2010.  (<u>See</u> dkt. entry no. 88, 3-30-10 Order.)

7

Magistrate Judge erred in limiting the scope of the deposition of Evanston's coverage counsel. (Id. at 17.)

### D. Evanston's Arguments in Opposition to Weeks's Cross-Appeal

Evanston argues that Weeks's cross-appeal – which it refers to as Weeks's "motion for reconsideration" – should be denied as untimely filed, because it was filed more than fourteen days after the Magistrate Judge's Decision was entered. (See Evanston's Opp'n Br. at 5-7.) Evanston further contends that Weeks's "cross-motion for reconsideration" should be denied because Weeks failed to meet the standards governing reconsideration. (See id. at 7-9.)

## II. STANDARD OF REVIEW

"Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions," and a district court, on appeal, "may modify or set aside a magistrate judge's non-dispositive order if the ruling was clearly erroneous or contrary to law." Eisai Co. v. Teva Pharm. USA, Inc., 629 F.Supp.2d 416, 424 (D.N.J. 2009) (internal quotation marks and citation omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004) (citation and alteration omitted). A ruling of a Magistrate Judge is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The party appealing the Magistrate Judge's order bears the burden of demonstrating that the order was "contrary to law" or "clearly erroneous." Id.

### III.   DISCUSSION

The Court has reviewed the parties' papers that are relevant to the appeal and cross-appeal. In regard to Evanston's appeal, the Court concludes that the Magistrate Judge's Decision was not clearly erroneous or contrary to law in instructing the parties to schedule coverage counsel's deposition. The Court finds that the Magistrate Judge did not err in finding that Weeks is entitled to depose the author of the ROR Letter as a fact witness and that neither Rule 26(b)(2)(C) nor Rule 26(c) precludes the deposition. See Furey v. Wolfe, No. 10-1820, 2011 WL 1672037, at *4-5 (E.D. Pa. May 3, 2011) (ordering deposition of counsel as fact witness); In re Subpoena of Curran, No. 04-39, 2004 WL 2099870, at *9 (N.D. Tex. Sept. 20, 2004) (ordering deposition of coverage counsel on certain issues).

Evanston has not demonstrated that the Magistrate Judge misinterpreted or misapplied the law applicable to the issuance of protective orders under the circumstances. To the contrary, the Magistrate Judge not only analyzed whether Rule 26(b)(2)(C) and Rule 26(a) precluded coverage counsel's deposition, but also explicitly contemplated the risk involved in permitting attorney McLeod to be deposed (should he ultimately be deemed to be Evanston's coverage counsel). (See Magistrate Judge's Decision at 4.)[4] The Magistrate Judge considered any prejudice to Evanston's representation rights and determined that any such

---

[4] It appears that the parties still do not agree whether attorney McLeod is indeed coverage counsel. (Compare Weeks Br. at 9 (denying that attorney McLeod is coverage counsel because Evanston's appeal papers merely state that ROR Letter was written at direction of attorney McLeod rather than directly by him); with Evanston Opp'n Br. at 4 (stating that attorney McLeod was Evanston's coverage counsel).) As the Magistrate Judge indicated, it is Evanston's responsibility to produce the individual identified by Ms. Dunstan during her deposition as "coverage counsel." (See Magistrate Judge's Decision at 5, n.1.)

prejudice was outweighed by the need for this fact discovery. (See id.) The Magistrate Judge found that the ROR Letter is "clearly relevant" to this case, is not in and of itself a privileged communication, and that Weeks is entitled to pursue any non-privileged or non-work product information about the ROR Letter that may exist. (See id.) The Court also finds that the Magistrate Judge did not err in holding that neither Ms. Dunstan nor Ms. Braun could testify competently about the ROR Letter. Ms. Dunstan testified that the ROR Letter was drafted by "coverage counsel," and Ms. Braun testified that she did not have any involvement in the preparation of the ROR Letter. Because the Magistrate Judge's Decision was not clearly erroneous or contrary to law in permitting the deposition of Evanston's coverage counsel, Evanston's appeal will be denied.

The Court finds that Weeks's cross-appeal is timely. Despite Evanston's attempts to classify Weeks's cross-appeal as a motion for reconsideration, it was properly brought before this Court as an appeal of the Magistrate Judge's Decision. It is therefore governed by Local Civil Rule 72.1(c)(1)(A), which provides in pertinent part: "A cross-appeal related to the subject matter of the original determination may be filed by the responding party together with that party's opposition and may be noticed on the same day as the original appeal, as long as the responding papers are timely filed." Weeks thus properly filed its cross-appeal when it filed its timely opposition to Evanston's appeal.

Weeks argues that "There Is No Record below of the Parties' Submissions that Were Considered by the Magistrate Judge Concerning the Rule 39(b)(6) [sic] Issue and Weeks Should Be Granted Leave to Submit a Brief Declaration in this Regard." (Weeks Br. at 11.) In support, it argues that the decision at issue was arrived upon informally and without certain

10

documents being filed, because the parties – rather than electronically filing those documents – chose to merely fax them to the Magistrate Judge. (See id. at 11-12.) Weeks did not electronically file those documents, as was its right under the Local Rules. It did not move for reconsideration and include those documents in support. Rather, Weeks decries the injustice of the lack of a record that it contributed to, now that the result was contrary to its expectations. This argument is without merit. So too is Weeks's argument that the Magistrate Judge's Decision wrongly limited the scope of the coverage counsel deposition.

A Magistrate Judge is to be accorded wide discretion in addressing nondispositive matters. See Miller v. Beneficial Mgmt. Corp., 844 F.Supp. 990, 997 (D.N.J. 1993); see also Farmers & Merchs. Nat. Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) (stating that magistrate judge has broad discretion in discovery matters). The Court finds that the Magistrate Judge's Decision embodies a rational exercise of the Magistrate Judge's discretion in overseeing discovery and does not appear to be based on either a mistake or the misapplication of applicable law. There has been no showing that the Magistrate Judge's ruling regarding the Rule 30(b)(6) witness dispute or the scope of the coverage counsel deposition was clearly erroneous or contrary to law, and, thus, Weeks's cross-appeal will be denied.[5]

---

[5] The Court declines to rule on where the deposition of the coverage counsel will take place. Such an argument would be more appropriately brought before the Magistrate Judge.

## IV. CONCLUSION

For the reasons stated above, the Court will affirm the decision of the Magistrate Judge. The Court will issue an appropriate Order.

 s/ Mary L. Cooper          
**MARY L. COOPER**  
United States District Judge

Dated: July 30, 2014