NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH COLLICK, <br><br> Plaintiff, <br><br> v. <br><br> WEEKS MARINE, INC., et al., <br><br> Defendants. <br><br> ──────────────────────── <br><br> WEEKS MARINE, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> EVANSTON INSURANCE COMPANY, <br><br> Third-Party Defendant. | CIVIL ACTION NO. 08-5120 (MLC) <br><br> **MEMORANDUM OPINION** |

**THIRD-PARTY PLAINTIFF**, Weeks Marine, Inc. ("Weeks"), earlier moved before the Magistrate Judge for leave to amend its third-party complaint ("Motion to Amend") to conform to the facts disclosed during the parties' discovery, i.e., to formally reference the 2006 Package Policy ("2006 Policy") of third-party defendant, Evanston Insurance Company ("Evanston"), in the third-party complaint. (See generally dkt. 214.)

**THE MAGISTRATE JUDGE** denied the Motion to Amend by Letter Order dated April 6, 2015 ("4-6-15 Letter Order") for the reasons stated on the record on April 2, 2015.

(See generally dkts. 229, 230.)  The Magistrate Judge, in support of this ruling, explained that under Federal Rule of Civil Procedure ("Rule") 16(b), a party must show good cause to modify a scheduling order.  (See dkt. 230 at 5.)  The Magistrate Judge noted that in this case, this standard was heightened because the Motion to Amend was filed after the scheduling order deadline for filing motions.  (See id.)  See also Stolinski v. Pennypacker, No. 07-3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011) ("Heightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A)."). The Magistrate Judge noted that good cause exists if the moving party was diligent in meeting its scheduling order deadlines and, "despite its diligence, it could not have reasonably met the scheduling order deadline."  (See dkt. 230 at 6.)  See also Hutchins v. United Parcel Serv., Inc., No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. July 26, 2005), aff'd, 197 Fed.Appx. 152 (3d Cir. 2006).

**THE MAGISTRATE JUDGE** found that Weeks failed to act diligently in filing its Motion to Amend, and therefore did not establish good cause for leave to amend under Rule 16(b).  (See dkt. 230 at 6.)  The Magistrate Judge noted that "Weeks knew or should have known about the existence of the 2006 Policy long before it filed the motion to amend."  (See id.)  The Magistrate Judge found that Weeks "certainly would have been on notice" by July 15, 2010, when Evanston produced both the 2006 Policy and 2008 Package Policy ("2008 Policy") during discovery.  (See id. at 6–7.)  The Magistrate Judge further noted that the scheduling order deadline for filing motions to amend expired on September 14, 2009, "over five years before Weeks filed the instant motion."  (Id. at 6.)

**WEEKS** timely appealed from the 4-6-15 Letter Order pursuant to Rule 72 and Local Civil Rule 72.1(c).  (See dkt. 233 at 2.)

**THE COURT** carefully reviewed the papers submitted by the parties and the 4-6-15 Letter Order, as well as the 4-2-15 findings entered on the record by the Magistrate Judge.  (See dkts. 229, 230, 233, 235, 238.)  The Court resolves the appeal without oral argument pursuant to Local Civil Rule 78.1(b).

**A MOTION** for leave to amend a pleading is non-dispositive and may be entered by a magistrate judge.  See 28 U.S.C. § 636(b)(1)(A).  A district court, upon reviewing a non-dispositive matter, may modify, vacate, or reverse magistrate judge decisions that are "clearly erroneous or contrary to law."  Id.; see also Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002) (internal quotation and citation omitted).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004) (citation omitted).  A ruling is contrary to law if the magistrate judge misinterpreted or misapplied applicable law, but the reviewing court "[u]nder the clearly erroneous standard of review . . . will not reverse the magistrate judge's determination even if the court might have decided the matter differently."  Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007) (internal quotation and citation omitted); see also Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998).

**A SCHEDULING ORDER** constitutes "the heart of case management" and cannot be disregarded "without a specific showing of good cause."  Koplove v. Ford Motor Co., 795

3

F.2d 15, 18 (3d Cir. 1986). A showing of good cause under Rule 16(b) hinges on whether the moving party was diligent in complying with the scheduling order deadline. See Fed.R.Civ.P. 16(b); see also Hutchins, 2005 WL 1793695, at *3. A magistrate judge is accorded deference in case management issues because they require "familiarity with the history and case management issues that have arisen, and the Magistrate Judge is in the better position to assess these factors . . . ." Spencer v. Cannon Equip. Co., No. 07-2437, 2009 WL 1883929, at *4 (D.N.J. June 29, 2009).

**WEEKS** argues, as a threshold matter, that the Court should apply a de novo standard of review because the Magistrate Judge's decision was dispositive of Weeks's claim against Evanston. (See dkt. 233-5 at 12.) Weeks asserts that the Magistrate Judge's decision was dispositive because the underlying accident occurred in 2006 and thus falls within the scope of the 2006 Policy. (See id. at n.2.) Weeks concedes that it cannot obtain commercial general liability coverage under the 2008 Policy because the coverage is occurrence-based for that policy year. (See id.)

**WEEKS** additionally argues that the Magistrate Judge "clearly erred" by: (1) ignoring Weeks's argument that an amendment "was not necessary" because the 2006 Policy was "openly litigated by the parties for years," and would not raise new claims or change the nature of the case; and (2) denying the Motion to Amend, as it would not have resulted in undue delay or prejudice to the non-moving party. (Id. at 13–19.)

**EVANSTON** argues, as a threshold matter, that the Court should apply the clearly erroneous standard of review because the Magistrate Judge interpreted the parties' scheduling

4

order, which is a non-dispositive ruling that falls squarely within § 636(b)(1)(A), Rule 72(a), and Local Rule 72.1(a).  (See dkt. 235 at 10–11.)

**EVANSTON** additionally argues that the Magistrate Judge correctly denied the Motion to Amend because: (1) "Weeks has not shown any good cause to allow for this Court to allow it to amend its third party complaint;" (2) the Motion to Amend "is being done in an effort to try to defeat [Evanston's] anticipated summary judgment motion;" and (3) Weeks's argument that the amendment was unnecessary "belies that which it seeks to prove," namely that the amendment is "absolutely necessary" and violates the scheduling order.  (See id. at 15–18.)

**THE COURT** finds, as a threshold matter, that the clearly erroneous standard of review applies in this case.  The Magistrate Judge rendered the ruling based upon the parties' scheduling order.  (See dkt. 230 at 6–7 ("Weeks must meet the good cause standard set forth in Rule 16(b)(4) for modifying a scheduling order before it will be permitted to amend its pleading.").)  A scheduling order "falls squarely within the contours of a non-dispositive ruling and does not involve a question of law."  See V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc., No. 06-2304, 2011 WL 1344193, at *5 (D.N.J. Apr. 8, 2011).

**THE COURT** finds that the Magistrate Judge's conclusions in this case were not clearly erroneous or contrary to law because Weeks failed to prove that it was diligent in complying with the scheduling order's deadline for filing motions to amend.  (See dkt. 230 at 6–7.)  The Magistrate Judge committed no clear error in concluding that Weeks knew or should have known of the existence of the 2006 Policy by July 2010, if not earlier.  (See id.)  Moreover, as the Magistrate Judge noted, "[d]espite numerous changes to the scheduling

5

order, there was no request to extend the date for filing motions to amend." (See id. at 7.) The parties were aware of, and exercised, their ability to extend other scheduling order deadlines. (See id.)  Thus, the Court finds that Weeks has not satisfied Rule 16(b)'s good cause standard, such that this Court may reverse the 4-6-15 Letter Order denying Weeks leave to amend its third-party complaint.  Accordingly, the Court will affirm the 4-6-15 Letter Order because the Magistrate Judge did not commit any mistake or misinterpret or misapply any applicable law. See Gunter, 32 F.Supp.2d at 164; Wortman, 2007 WL 2375057, at *2.

    **THE COURT** will issue an appropriate order.

      s/ Mary L. Cooper  
    **MARY L. COOPER**  
    United States District Judge

**Dated:** December 15, 2015