**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH COLLICK, | CIVIL ACTION NO. 08-5120 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| WEEKS MARINE, INC., et al., | |
| Defendants. | |
| WEEKS MARINE, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| EVANSTON INSURANCE COMPANY, | |
| Third-Party Defendant. | |

**COOPER, District Judge**

Third-party plaintiff, Weeks Marine, Inc. ("Weeks"), moves for reconsideration of the Court's December 15, 2015 Order ("12-15-15 Order") affirming the Magistrate Judge's April 6, 2015 Letter Order ("4-6-15 Letter Order"), which denied Weeks' motion for leave to amend its third-party complaint to conform to facts disclosed during discovery. (See dkts. 229, 240, 241, 242.)[1]  Weeks appealed from the 4-6-15 Letter Order. (See dkt. 233.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

**BACKGROUND**

The Court and the parties are familiar with the facts underlying this case, but the Court includes a recitation of the procedural history of the case as it relates to this motion.

Plaintiff, Joseph Collick, filed his complaint against Weeks and Haztek Inc. ("Haztek"), Weeks' subcontractor, on October 17, 2008 for personal injuries arising from Collick's work on the Earle Naval Station pier. (See generally dkt 1.) In April 2009, Weeks filed a third-party complaint against Evanston Insurance Company ("Evanston") for coverage under the 2008 Package Policy ("2008 Policy") that Evanston issued to Haztek. (See generally dkt. 25.) Evanston answered this third-party complaint and denied any coverage to Weeks under the 2008 Policy in June 2009. (See dkt. 40 at 5.) In July 2009, the Magistrate Judge entered a scheduling order that permitted the addition of new parties or amendment to the pleadings by September 14, 2009. (See dkt. 43 at 2.)[2] In July 2010, Evanston produced a copy of the 2008 Policy, as well as a copy of the 2006 Package Policy ("2006 Policy"), to Weeks in response to Weeks' interrogatories requesting "all relevant insurance policies issued by Evanston to Haztek." (See dkt. 235 at 6.)

In October 2014, Weeks filed a motion for leave to amend its third-party complaint to incorporate facts disclosed during discovery, i.e., to assert a claim under the 2006 Policy in addition to the 2008 Policy, which had already been pleaded. (See dkt. 214.) The Magistrate

---

[2] The Magistrate Judge entered various scheduling orders after the July 7, 2009 scheduling order. (See, e.g., dkts. 143, 146, 149, 150, 164, 210.) The Magistrate Judge did not grant additional time for the parties to amend their pleadings in any of these subsequent orders, as there were no requests for extensions made. (See dkt. 230 at 7; dkt. 235 at 5–6.)

Judge denied the motion in the 4-6-15 Letter Order on the grounds that: (1) Weeks knew or should have known of the existence of the 2006 Policy by July 2010; and (2) Weeks failed to show good cause to amend the third-party complaint five years after the scheduling order deadline. (See dkt. 229; dkt. 230.) Weeks appealed from the Magistrate Judge's letter order, which this Court affirmed in its 12-15-15 Order and Opinion. (See dkt. 241.) Weeks now moves for reconsideration of this Court's order pursuant to Local Civil Rule 7.1 ("Rule 7.1"). (See dkt. 242.)

Rule 7.1 permits the moving party to file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L.Civ.R. 7.1(i). This Court entered the order affirming the Magistrate Judge's order on December 15, 2015. (See dkt. 241.) Weeks moved for reconsideration on December 21, 2015. (See dkt. 242.) Accordingly, Weeks timely moved for reconsideration.

The Court has considered all papers submitted to the Court, as well as the papers for the underlying motion. (See dkts. 229, 230, 233, 235, 238, 239, 242, 243.) The Court will resolve this motion without oral argument pursuant to Local Civil Rule 78.1(b).

## DISCUSSION

### I.     Legal Standards

A motion for reconsideration is "an extremely limited procedural vehicle" granted sparingly. Tehan v. Disability Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) (citation and quotation omitted). A court may grant a motion for reconsideration when the movant shows at least one of the following: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) it is necessary to

3

correct a clear error of law or fact, or to prevent manifest injustice.  See Shevlin v. Phoenix Life Ins. Co., No. 09-6323, 2015 WL 348552, at *1 (D.N.J. Jan. 23, 2015); Tehan, 111 F.Supp.2d at 549.

Reconsideration is unwarranted if: (1) the movant seeks to relitigate old matters; (2) the movant seeks to raise arguments or present evidence that could have been raised before the entry of judgment; or (3) the movant seeks to express disagreement with the court's initial decision.  See Boretsky v. Governor of N.J., 433 Fed.Appx. 73, 78 (3d Cir. 2011); Shevlin, 2015 WL 348552, at *1.  A motion for reconsideration is reserved for situations where the court failed to consider facts or controlling legal authority, or the court needs to correct manifest errors of law or analyze newly-discovered evidence.  Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007).

## II.   Legal Standards Applied Here

### a.   Parties' Arguments

#### 1.   Rule 8 Argument

Weeks argues that Evanston was put on notice "that Weeks was seeking insurance coverage as an additional assured under Haztek's package policies . . . , including the 2006 Package Policy."  (Dkt. 242-2 at 12.)  Weeks argues that an amendment formally referencing the 2006 Policy is "thus completely unnecessary."  (See id.)  Weeks also argues that an amendment is unnecessary because it does not raise new claims, change the nature of the case, add or drop parties, raise additional defenses, elect different remedies, or change the nature or amount of damages sought.  (See id. at 12–13.)  As such, the Court should permit Weeks leave to amend its third-party complaint.  (See id.)

Weeks analogizes the present case to Oritani Savings & Loan Ass'n v. Fidelity & Deposit Co. of Maryland, 744 F.Supp. 1311 (D.N.J. 1990). In Oritani, the plaintiff's original complaint referenced the specific section of the bond under which it sought coverage, and also alleged that the defendant had denied coverage under "that section of the bond." Oritani, 744 F.Supp. at 1316. The Court granted the plaintiff leave to amend the complaint to more specifically state its position because the original complaint already put the defendant on notice that it was asserting its claims under the specific section of the bond and the amendment was thus "unnecessary," and therefore allowable. See id.

### 2.    Motion for Reconsideration Argument

Weeks moves for reconsideration on the ground that this Court "clearly erred by completely overlooking Weeks' argument that an amendment of the Third-Party Complaint was not necessary in the first place." (Dkt. 242-2 at 10.)

Evanston argues that Weeks cannot meet the standard for reconsideration because Weeks' arguments are a "regurgitation of arguments that Weeks already made several times before." (Dkt. 243 at 5.) Evanston also argues that Weeks' Rule 8 argument was "already raised . . . in its appeal of the Magistrate Judge's Order, and therefore, Weeks's argument has already been considered by the Court." (Id. at 6.)

      **b.**      **Analysis**

           **1.**      **Rule 8 Analysis**

The Court, in light of the basis for our 12-15-15 Order, did not find it necessary to address Weeks' Rule 8 argument.[3] The Court, at the urging of Weeks on this motion, will address the argument here.

Rule 8 requires a pleading to "state[] a claim for relief," that includes "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed.R.Civ.P. 8. District courts are directed to construe pleadings "so as to do justice." See id. at 8(e). The "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 181–82 (1962) (citation and quotation omitted). At the same time, the Rules are "to be construed to secure the just, speedy, and inexpensive determination of every action." Id. (citation and quotation omitted).

The Court first finds that Oritani is distinguishable from the present case because in that case, the plaintiff sought leave to amend the complaint to further specify its position; notably, the plaintiff's original complaint stated the exact section of the bond under which it sought coverage. See Oritani, 744 F.Supp. at 1316. Here, Weeks seeks leave to amend the

---

[3] The Court affirmed the Magistrate Judge's 4-6-15 Letter Order on the grounds that the Magistrate Judge did not commit any mistake or misinterpret or misapply any applicable law in denying Weeks' motion for leave to amend its third-party complaint. (See dkt. 240 at 6.) The Court found that the Magistrate Judge did not clearly err in finding that Weeks did not satisfy Rule 16(b)(4)'s good cause standard so as to deviate from the scheduling order. (See id. at 5–6.)

third-party complaint to add the 2006 Policy because its original third-party complaint did not include the 2006 Policy. This is not a scenario in which Weeks seeks to further specify, for example, the 2008 Policy under which it originally sought relief. Thus, any comparison to Oritani is misplaced.

The Court does not perceive this as a "misstep by counsel" in which the Court should grant Weeks leave to amend the third-party complaint. See Foman, 371 U.S. at 181–82. The Magistrate Judge issued six scheduling orders subsequent to the July 2009 scheduling order that established the deadline to amend pleadings as September 14, 2009. See n. 2, supra. Weeks did not request an extension to file a motion to amend pleadings. (See dkt. 230 at 7; dkt. 235 at 5–6.) Rather, Weeks waited five years after the deadline to file a motion for leave to amend. Weeks argues that the general policy underlying the Federal Rules is one which "discourage[s] the practice of dismissing claims for minor technical defects in the pleadings." The Court is not dismissing Weeks' claims for any technical defect in the pleadings. Rather, the Court is persuaded by another core principle of the Federal Rules, namely that the Rules exist to "secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed.R.Civ.P. 1. The Court cannot find that an amendment, which aims to include another insurance policy over five years after the scheduling order deadline, is "unnecessary," and thus allowable, for the purposes of Rule 8.

### 2. Motion for Reconsideration

Weeks argues that the Court committed a clear error by overlooking its Rule 8 argument. (Dkt. 242-2 at 15.) "An argument is not deemed overlooked because it is not specifically addressed in a court's opinion." Byrne v. Calastro, No. 05-68, 2006 WL

7

2506722, at *2 (D.N.J. Aug. 28, 2006).  An argument may be regarded as having been considered if it is presented to the court in written submissions.  See id.  This Court considered all of the parties' arguments in affirming the 4-6-15 Letter Order and acknowledged as such in its 12-15-15 Opinion.  (See dkt. 240 at 3.)

It appears as though Weeks merely disagrees with the Court's 12-15-15 Opinion and Order.  Reconsideration is unwarranted if the movant seeks to express disagreement with the court's initial decision.  See Boretsky, 433 Fed.Appx. at 78.  In the absence of presenting new evidence or an intervening change in controlling law, Weeks' motion for reconsideration will be denied.

## CONCLUSION

For the reasons stated, the Court will deny the motion for reconsideration.  The Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** March 11, 2016